# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-260 |
| | ) | |
| MILAD SHAKER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

The Court finds that, to the extent that Defendant's comments during today's sentencing hearing constitute a renewed motion for acquittal, that motion is DENIED. In addition to the reasons offered during today's sentencing hearing, the Court finds as follows:

On December 5, 2019, Defendant filed a Motion for Judgment of Acquittal or New Trial and Memorandum in Support Thereof ("Motion for Acquittal," Doc. 108). Defendant argued that the jury's verdict of guilty at Counts 1, 8, 10, 12-15, 28-29, 45-57, and 51-52 of the Superseding Indictment should be vacated and a judgment of acquittal entered because the evidence at trial was insufficient to sustain findings of guilt beyond a reasonable doubt. Specifically, he argued that certain of the Counts of which he was found guilty were prescriptions issued around the time that a previous prescription would have been exhausted. Motion for Acquittal at 5. He argues also that certain of these Counts related to medications prescribed for a medical problem that Ms. Skovira professed to have. Id. at 8-10. Defendant argues that these are reasons why the prescriptions were written for a legitimate medical purpose and in the regular course of practice. Id. at 14. He argues that the Government's evidence was solely based on one witness's opinion and that no other evidence supports the finding that

Defendant issued these prescriptions for an improper purpose and outside the usual course of professional practice.  Id.

The Government responded that Defendant fails to address the testimony of the other Government witnesses and mischaracterizes the testimony of the Government's expert. Government's Response in Opposition to Defendant's Post-Trial Motions at 5 ("Gov. Response," Doc. 119).  Specifically, the Government notes that evidence clearly established that Defendant prescribed Ms. Skovira Schedule II and Schedule IV controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, but instead, for sex and sexually explicit messages.  Id.  For example, the Government cited to testimony by Special Agent Nealon about sexually explicit text messages exchanged between Defendant and Ms. Skovira that occurred during the time period of some of these prescriptions, hotel records and text messages indicating a stay by Defendant and Ms. Skovira that preceded some of these prescriptions, and the fact that all of these sexual text messages and liaisons occurred during the time period in which Defendant was prescribing Ms. Skovira these controlled substances.  Id. at 6.

The Court notes that the Government need not prove that each sexual encounter occurred at the same time as a prescription to prove that Defendant was prescribing medication for the illegitimate purpose of maintaining a sexual relationship with Ms. Skovira.  The law does not require a quid pro quo, one-to-one ratio of prescription to sexual encounter or sexual message. Rather, the fact that all these prescriptions were issued in the backdrop of an improper sexual relationship between Defendant and Ms. Skovira is sufficient evidence for the jury to find that Defendant was issuing prescriptions for an illegitimate purpose—maintaining that sexual relationship.

Contrary to Defendant's allegations, the Government provided ample evidence at trial that Defendant had an improper purpose in prescribing medications to Ms. Skovira—namely, a sexual purpose. The Government notes that Ms. Skovira's orthopedist forwarded information to Defendant that she no longer needed pain medication, but Defendant continued prescribing her medication, nonetheless. Ms. Skovira testified that she saw her sexual relationship with Defendant as transactional and motivated by her desire to obtain these controlled substances. <u>Id.</u> at 6-7. Ms. Skovira's parents also testified that they had informed Defendant about her addiction and asked him to stop prescribing her these substances.[1]

Defendant again raised at the sentencing hearing that he is innocent of the charges of which he was convicted and that the evidence does not support his conviction. He maintained that the guilty verdicts are inconsistent with the not-guilty verdicts found at the other counts. As the Court explained during the sentencing hearing, that is not the case. Defendant's objections that Ms. Skovira had medical issues that required treatment does not mean that he cannot be found guilty of prescribing medication for an improper purpose. These two scenarios are very much reconcilable, and the jury was instructed that an underlying medical need does not automatically validate the purpose of a prescription purportedly for that need if the jury finds that the true purpose is not legitimate.

Throughout the course of trial, and continuing through sentencing, Defendant has repeatedly denied wrongdoing, refused to accept responsibility for his actions and lied to the Court. Defendant presented no new evidence today, or when filing his Motion for Acquittal, that

---

[1] The Court also notes that, after a careful review of the record, including relevant trial testimony transcripts, and briefings by both the Government and Defendant, that it found by a preponderance of the evidence at the sentencing hearing that Defendant committed perjury by lying about this interaction as well.

would support the argument that the Court should overturn the jury's sound verdict.  Any motion for acquittal by Defendant is thus **DENIED**.

    IT IS SO ORDERED.

February 7, 2020                                            s\Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record